22-6118
Chen v. Garland

BIA
Palmer, IJ
A206 435 879

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of May, two thousand twenty-four.

PRESENT:
> REENA RAGGI,
> JOSEPH F. BIANCO,
> ALISON J. NATHAN,
> *Circuit Judges.*

_____

JIN CHEN,
> *Petitioner*,

v.                                                              **22-6118**
                                                                **NAC**

**MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,**
> *Respondent.*

_____

**FOR PETITIONER:**                 Joshua E. Bardavid, New York, NY.

**FOR RESPONDENT:**      Brian Boynton, Principal Deputy Assistant Attorney General; Leslie McKay, Senior Litigation Counsel; John F. Stanton, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jin Chen, a native and citizen of the People's Republic of China, seeks review of a decision of the BIA, affirming a decision of an Immigration Judge ("IJ"), which denied his application for asylum and withholding of removal.[1]  *In re Jin Chen*, No. A206 435 879 (B.I.A. Feb. 9, 2022), *aff'g* No. A206 435 879 (Immig. Ct. N.Y. City Nov. 29, 2018).  We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have reviewed the IJ's decision as supplemented by the BIA.  *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).  We review factual findings for substantial evidence and questions of law

---

[1] Because Chen does not challenge the BIA's determination that he waived his claim for protection under the Convention Against Torture, we deem that claim abandoned.  *See Zhang v. Gonzales*, 426 F.3d 540, 541 n.1 (2d Cir. 2005).

2

and application of law to fact de novo. *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

I.     Past Persecution

"The burden of proof is on the applicant [for asylum and withholding of removal] to establish that . . . race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *see Quituizaca v. Garland*, 52 F.4th 103, 109–14 (2d Cir. 2022) (holding that the "one central reason" standard applies to both asylum and withholding of removal). An applicant must prove "a sufficiently strong nexus" between the suffered harm and a protected ground. *Castro v. Holder*, 597 F.3d 93, 100 (2d Cir. 2010). "Whether the requisite nexus exists depends on the views and motives of the persecutor." *Paloka v. Holder*, 762 F.3d 191, 196–97 (2d Cir. 2014) (internal quotation marks and citation omitted). An applicant "must provide *some* evidence . . ., direct or circumstantial" to establish the persecutor's motive. *INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (emphasis in original).

3

Substantial evidence supports the agency's determination that Chen failed to prove a nexus between his beating and arrest and his religion. *See Gjolaj v. Bureau of Citizenship & Immigr. Servs.*, 468 F.3d 140, 143 (2d Cir. 2006) (reviewing nexus determination for substantial evidence). The only evidence that the police were motivated by Chen's religion was his testimony that, after he fled to the United States, his family members told him that the police came to the family's house and told his grandmother to tell him to turn himself in and "confess things about the illegal gatherings." Certified Admin. Record at 115. The agency reasonably gave this double-hearsay testimony limited weight because a letter from Chen's grandmother detailing the police visit did not state that the police referenced Chen's church attendance or religion. *See Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence.").

While Chen argues that "the *only* reasonable conclusion from the evidence" is that he was targeted because of his religion, the evidence does not compel rejecting the agency's conclusion that Chen could have been arrested for blocking the street or participating in an unauthorized protest. Pet'r Br. at 25 (emphasis in original). The police may have targeted the protestors and Chen specifically

4

because of their religion or membership in a house church, but the record lacks any direct evidence of this other than Chen's account of the police visit, described above, to which the agency gave little weight, and "[s]o long as there is a basis in the evidence for a challenged inference, we do not question whether a different inference was available or more likely." *Siewe v. Gonzales*, 480 F.3d 160, 168 (2d Cir. 2007).

Nor are we persuaded that the agency failed to consider the entire record in reaching its conclusion about the lack of a nexus. "[W]e presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise." *Xiao Ji Chen v. U.S. Dep't of Just.*, 471 F.3d 315, 336 n.17 (2d Cir. 2006). Here, the record does not compellingly suggest that the agency failed to consider aspects of Chen's testimony about his past harm merely because the IJ stated that there was no evidence of Chinese authorities' motives in detaining the leader of Chen's church and in having Chen and fellow protestors beaten and detained. The IJ was emphasizing the lack of direct, probative evidence of the authorities' motivation, which is consistent with having considered (but declined to rely on) the circumstantial evidence Chen stresses before us.

II.     Future Persecution

The agency also did not err in determining that Chen failed to establish a pattern or practice of persecution of similarly situated Christian house church members.   First, Chen argues that the IJ committed reversible error by not considering whether there was a pattern or practice of persecution of Christians. But to the extent Chen raised a pattern-or-practice argument, the IJ addressed it, finding that Chen's country conditions evidence was insufficient to establish an objectively reasonable fear of future persecution. Accordingly, we find Chen's procedural argument unpersuasive.

Further, even assuming that the IJ did not address a pattern-or-practice argument raised by Chen, the BIA did.   Chen argues that the BIA engaged in impermissible factfinding in addressing this argument, rather than remanding to the IJ.   But the BIA does not run afoul of its regulations when "bas[ing] its decision on facts already in the record."   *Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 296 (2d Cir. 2006).   Here, the IJ found that persecution of Christians varied by location and that there was no country conditions evidence of persecution in Changle City, Fujian Province where Chen lived.   Given these findings, the BIA did not engage in impermissible factfinding in concluding that

6

the country conditions evidence did not show sufficiently widespread persecution. *See id.*; *see also Jian Liang v. Garland*, 10 F.4th 106, 117 (2d Cir. 2021) (upholding denial of pattern or practice claim of persecution of Christians where "the IJ found that none of [petitioner's] evidence speaks to persecution occurring in . . . Fujian").

Because Chen did not meet his burden of demonstrating an objectively reasonable fear of persecution for asylum, he "necessarily" did not meet the higher standard for withholding of removal. *Lecaj v. Holder*, 616 F.3d 111, 119 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7